IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAULA G. ALCOCK, | § | |
| | § | No. 334, 2016 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N15A-07-007 |
| DPNL LLC and UNEMPLOYMENT | § | |
| INSURANCE APPEAL BOARD, | § | |
| | § | |
| Appellees Below, | § | |
| Appellees. | § | |

Submitted: April 13, 2017
Decided: July 11, 2017

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## O R D E R

This 11th day of July 2017, upon consideration of the parties' submissions on appeal, it appears to the Court that:

In its May 31, 2016 decision, the Superior Court correctly found that the Unemployment Insurance Appeal Board properly denied Ms. Alcock's request for unemployment benefits based on her June 17, 2015 testimony before the Board that she was medically unable to work.[1] Under Delaware law, medical disability renders an employee ineligible for unemployment benefits during the time of medical disability.[2]

---

[1] *Alcock v. DPNL LLC*, 2016 WL 3208059 (Del. Super. May 31, 2016).
[2] 19 *Del. C.* § 3314(8) (Supp. 2017).

The Superior Court also correctly decided not to remand the case for further proceedings. When Ms. Alcock appealed the Board's decision to the Superior Court as a self-represented party, she included with her opening brief a letter from a physician claiming she was medically cleared to return to work as of June 22, 2015.[3] An employee becomes eligible for unemployment benefits when her medical disability ends.[4] Because Ms. Alcock had not submitted the physician's letter to the Board in the first instance,[5] the Board's attorney wrote to the Superior Court and requested that the court remand the case to the Board to consider the letter.[6] The Superior Court asked for an explanation of what would happen if the case was remanded to the Board.[7] The Board responded that if, as her physician concluded, Ms. Alcock's medical disability had ended, "were this case remanded and absent any significant testimony or evidence to the contrary, the Board would reverse its earlier decision and find that Ms. Alcock was medically able to work effective June

---

[3] Docket at 10, *Alcock v. DPNL LLC*, Del. Super., C.A. No. N15A-07-007 (Oct. 7, 2015) (appellant's opening brief).

[4] § 3314(8) (disqualification from receiving benefits due to medical disability terminates "when the individual becomes able to work and available for work as determined by a doctor's certificate").

[5] Ms. Alcock's letter from her physician was dated June 19, 2015, two days after the June 17 Board hearing. The letter cleared her to return to work on June 22, 2015, with no restrictions. Ms. Alcock submitted the letter to the Superior Court on October 7, 2015, when she filed her opening brief.

[6] Docket at 11, *Alcock v. DPNL LLC*, Del. Super., C.A. No. N15A-07-007 (Oct. 26, 2015) (letter from counsel requesting remand to Board).

[7] *Id.* Docket at 12 (Mar. 28, 2016) (letter from court to parties regarding Board's request to remand).

22, 2015."[8] In other words, if nothing changed following remand, Ms. Alcock would be eligible to receive unemployment benefits. The Superior Court nonetheless denied the Board's request for a remand, ruling that "[b]ecause the Board's decision was manifestly correct and because the new 'evidence' submitted with this appeal related to events occurring after the Board made its decision, the request to remand the matter is denied."[9]

Instead of seeking a remand, the Board should have done what appears to be the standard practice—request affirmance without prejudice to Ms. Alcock's ability to submit her physician's recent letter with her change in status to the Board for its consideration.[10] Even without the Board's explicit request, the Superior Court probably contemplated this very result would occur—following affirmance of the appeal, Ms. Alcock would submit the physician's letter to the Board for consideration. Ms. Alcock also could have avoided the dispute entirely if she had followed the Board's advice while this appeal was pending—"report to the Division

---

[8] *Id.* Docket at 13 (Mar. 29, 2016) (response to court's letter).

[9] *Alcock*, 2016 WL 3208059, at *3.

[10] *See, e.g.*, *Johnson v. Aetna Health Plans*, 1997 WL 812619 (Del. Dec. 18, 1997) (affirming Superior Court's judgment without prejudice to the claimant's right to submit her request for reconsideration to the Unemployment Insurance Appeal Board); *Nichols v. Kraft Foods*, 2004 WL 2744615 (Del. Super. Oct. 29, 2004) (affirming decision of Unemployment Insurance Appeal Board "without prejudice to the question whether at some point in time the claimant's disqualification from benefits may have terminated"). *Cf. Lewis v. Allen Family Foods*, 2011 WL 5357565 (Del. Super. Oct. 6, 2011) (affirming decision of Unemployment Insurance Appeal Board, including Board's assertion that the claim for benefits "must be reconsidered in light of the doctor's certificate that purports to establish [the claimant's] availability to work").

of Unemployment Insurance and reopen her claim with her doctor's certificate."[11]

She did not follow through. It might be that Ms. Alcock's claim is now untimely,[12] but that is no reason to quarrel with the result reached by the Superior Court. Thus, we affirm the judgment of the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*Collins J. Seitz, Jr.*
Justice

---

[11] Docket at 10, *Alcock v. DPNL LLC & Unemployment Ins. Appeal Board*, Del. Supr., No. 334, 2016 (Sept. 16, 2016) (Board's letter to Clerk regarding appeal). Or, Ms. Alcock could have submitted the physician's letter to the Board in a motion seeking a rehearing of the Board's decision. *See* 19 *Del. Admin. C.* § 1201-7.0 ("At any time subsequent to a Board decision but prior to the Board's decision becoming final, any party to the appeal may request, by motion, with notice to all parties, a rehearing before [the] Board.").

[12] According to the Board's counsel, because Ms. Alcock failed to reopen the original claim in a timely fashion, the time for pursuing that claim may have expired. Docket at 14, *Alcock v. DPNL LLC & Unemployment Ins. Appeal Board*, Del. Supr., No. 334, 2016 (April 13, 2017) (response to Clerk's letter regarding appeal).